DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:07 CR 338 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Arkeefe Sherrills, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

### **I.  Introduction**

This case is scheduled for trial on Monday, November 26, 2007.  The indictment charged 25 defendants;  22 of these have entered guilty pleas and 21 await sentencing.  The sentencing hearings are scheduled during the months of November and December of 2007.  One defendant, John Hawkins, has already been sentenced.  One defendant, Sebastian Randolph, remains a fugitive.  The other defendant, Shaneka Pittman, is also scheduled for trial on November 26, 2007.  The defendant Sherrills has filed a number of motions which the Court will address in this order.

### **II.  Motion for Early Disclosure of *Jencks* Material.  (Doc. No. 274)**

The government opposes the motion.  (Doc. No. 277).  There is no obligation imposed upon the government to make an early pre-trial disclosure of *Jencks* material. The motion is DENIED but with the Court's request that *Jencks* material be disclosed the day before the anticipated testimony of a witness for whom *Jencks* material exists.

(1:07 CR 338)

### III.  Motion for Disclosure of Informant's Identities and Their Sources and Identities of Co-conspirators Scheduled to Testify Against Defendant  (Doc. No. 275)

Based on the government's response and the representations set forth in its opposition to the motion (Doc. No. 277), the motion is DENIED.

### IV.  Motion to Declare the Case Complex  (Doc. No. 276)

The indictment in this case was filed on June 12, 2007.  The superceding indictment was filed on August 7, 2007.  The defendant, Sherrills, was arrested in Tennessee on September 18, 2007.  CJA counsel Albert Palombaro was appointed as counsel for Sherrills and his arraignment took place on October 1, 2007.  On that date the Court scheduled the trial for Sherrills on November 26, 2007.  It is the Court's understanding that government's counsel supplied Sherrills' counsel with a discovery package at the arraignment.  The discovery package includes transcripts and recordings of the many wire taps which allegedly captured the voice of Sherrills.   The motion to declare the case complex is moot as the Court made such a declaration on June 19, 2007.  (*See* Doc. No. 22).

During the status conference conducted on November 7, 2007 counsel for Sherrills made a motion to continue the case and the Court denied the motion.  The Court has previously filed an opinion denying motions to suppress.  (*See* Doc. No. 182).  The Court will require that the *Jencks* disclosures include the guilty plea agreements entered into by the cooperating co-defendants who have previously entered pleas of guilty and which plea agreements include a lengthy factual basis in support of the plea agreement.  The transcripts of the intercepted phone conversations provide the defendant another basis to be prepared for trial.  As a consequence, the

2

(1:07 CR 338)

Court denied the motion for a continuance of the November 26, 2007 trial date as counsel for Sherrills still has a minimum of 18 days to prepare for trial.

### **V.  The Motion to Suppress Wire Tap Evidence (Doc. No. 283)**

**A.  Introduction**

The defendant, Arkeefe Sherrills, through counsel, has moved to suppress all evidence obtained pursuant to two wire tap orders issued by Judge Donald C. Nugent of this court.  The first order was issued on March 5, 2007 and the second on April 10, 2007.  Lengthy applications for both search warrant orders were submitted by AUSA Roger Bamberger and following authorization for the applications by the United States Justice Department official authorized to approve said applications.  The March 5, 2007 application was accompanied by a 63-page affidavit executed by Kenneth D. Riolo, Special Agent of the Federal Bureau of Investigation.

The March 5, 2007 application identified 11 "target interceptees," including Sherrills, and identified the "target offenses" as being 21 U.S.C. § 846 (conspiracy to distribute and to possess with intent to distribute cocaine), 21 U.S.C. § 841(a)(1) (knowingly and intentionally distributing and possessing with intent to distribute cocaine), and 21 U.S.C. § 843(b) (knowingly and intentionally using the telephone to facilitate the distribution and possession with intent to distribute cocaine).

The application and ensuing order of March 5, 2007 provided for the interception of wire communications over cellular telephone number 216-325-8151, subscribed to by Nichole

3

(1:07 CR 338)

Johnson of Palmdale, CA, and cellular telephone number 216-379-2913, subscribed to by Angelo Sawyer of Cleveland, OH.

Sherrills' motion to suppress contends that the March 5, 2007 wire tap application is faulty for several reasons. First, Sherrills alleges that the application failed to meet the specificity requirements for necessity under 18 U.S.C. § 2518(1)(c) and (3)(c). Alternatively, Sherrills seeks a *Franks* hearing to contest the statements of the affiant, Special Agent Riolo. Secondly, Sherrills contends that the March 5, 2007 wire tap application and affidavit fail to set forth sufficient probable cause for the wire tap as to Sherrills. The third basis for suppression advanced by Sherrills contends that the extension of the March 5, 2007 wire tap, i.e., the April 10, 2007 wire tap order, is invalid because the April 10, 2007 extension is tainted by the original illegal wire tap and also because the extension fails to provide an adequate justification for continued eavesdropping.

**B.  Summary of Applicable Law**

When, as here, one district court judge is required to evaluate a prior order of a fellow district court judge, *United States v. Alfano*, 838 F.2d 158 (6th Cir. 1988) teaches that the judge evaluating the issue of probable cause in the affidavit examines the evidence from the standpoint of "totality of the circumstances and in a reasonable common sense manner." Moreover, great deference is to be paid to the determination of the issuing judge. As long as the record contains "substantial basis for . . . concluding that probable cause existed," reviewing courts should uphold the finding of probable cause. *United States v. Lambert*, 771 F.2d 83, 93 (6th Cir. 1985).

4

(1:07 CR 338)

### C. Discussion

Sherrills' brief in support of suppression alleges that the target for the first wire tap order was basically the conduct of another target, i.e., Derrick Wade, and the application lacks probable cause to support the order for intercepting communications of the telephone subscribed to by Nichole Johnson in Palmdale, CA.

It becomes apparent from a common sense reading of the Riolo affidavit that Sherrills had a direct relationship with the Palmdale telephone number subscribed to by Nichole Johnson. The claim that the affidavit lacks probable cause to justify interceptions on that phone, i.e., 216-325-8151, is not borne out by a reasonable review of the commentary set forth in the affidavit.

As previously indicated the affidavit numbers 63 pages.

Without reciting the entire context of the affidavit, the Court notes that there is either a direct or indirect reference to Sherrills in paragraphs 23, 27, 29, 32, 33, 35, 36, 37, 41, 42, 43, 44, 53, 54, and 55.

Moreover, the affidavit goes into extensive detail concerning the volume of telephone calls identified by pen registers with respect to the two target phones identified in the March 5, 2007 Order and the interplay between those phone numbers and the "interceptee targets."

Sherrills' motion to suppress also requests a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) for the purpose of questioning Special Agent Riolo. However, the motion falls far short of establishing any right to a *Franks* hearing.

Sherrills' motion also contends that the application fails to meet requirements for necessity. The Court has closely examined both applications and finds that each application, at

(1:07 CR 338)

some length, sets forth information that justified the issuance of the wire tap orders with respect to necessity.

The contention that the April 10, 2007 application is insufficient to justify the issuance of the April 10 Order requires an additional examination of the application and second affidavit submitted by Special Agent Riolo. Riolo's second affidavit numbers 51 pages.

Before analyzing pen register information, Riolo's affidavit refers to Sherrills directly or indirectly with respect to events prior to the first wire tap order of March 5, 2007 in paragraphs 13, 17, 19, 21, 22, 23, and 24. The Riolo affidavit, executed on April 10, 2007, then continues to describe activity of Sherrills following the March 5, 2007 order and discusses activity by Sherrills directly or indirectly in paragraphs 26 through 36 and paragraphs 38 through 42. All that activity then is in addition to the activity of Sherrills which was advanced to support the March 5, 2007 order. The activity of Sherrills directly and indirectly, as set forth in paragraphs 26 through 36 and 38 through 42, provides extensive information justifying the probable cause determination implicit in the April 10, 2007 Order of Judge Nugent. Moreover, the April 10, 2007 affidavit of Special Agent Riolo also supports the additional element of "necessity" for the order.

## D. Conclusion

In conclusion, Sherrills' motion to suppress the evidence obtained from the wire tap orders of March 5, 2007 and April 10, 2007 is without merit. The Court finds that the applications, as supported by Riolo's affidavits, demonstrate probable cause and the necessity for

6

(1:07 CR 338)

both wire tap orders. The Court finds the basis for the requested *Franks* hearing to be inadequate. The motion to suppress is DENIED in its entirety.

    IT IS SO ORDERED.

| | |
|---|---|
|  November 8, 2007 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |