**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 07 CR 338** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Arkeefe Sherrills,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 740). For the reasons that follow, the motion is DENIED.

**FACTS**

Defendant, Arkeefe Sherrills (sometimes, "defendant"), was charged in a multiple count indictment with various charges related to his participation in a large scale drug conspiracy. At trial, a number of co-defendants testified against Sherills. The drug conspiracy was discovered by Southwest Airlines based on the couriers' use of a Southwest Rapid Rewards Account and

1

prepaid credit cards.  Subsequently, the law enforcement discovered that a large number of drug couriers were partaking in this conspiracy.  The conspiracy involved travel between a number of cities, including Cleveland.  At some point during the scope of the conspiracy, Sherrills was incarcerated.  The government claims that his wife, Shaneka Pittman, ran the drug operation during his absence.  The government obtained wiretaps for Sherrills's phone, as well as those belonging to other high ranking participants in the conspiracy.  Eventually, the government arrested 17 individuals.  Sherrills escaped arrest and became a fugitive.  He was located in Memphis using an alias.  A number of co-defendants, including Sherrills's two "top lieutenants" testified against him at trial.  A jury convicted both Sherrills and Pittman of various counts related to drug trafficking.  At sentencing, the Court[1] determined that Sherrills was subject to a mandatory minimum life sentence, in part due to two previous drug convictions.

Sherrills appealed his conviction and the Sixth Circuit affirmed.  Sherrills now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The government opposes the motion.

**ANALYSIS**

1. Use of prior convictions

Defendant argues that his two prior convictions, which served to increase the mandatory minimum, were "elements" of the offense and, therefore should have been submitted to the jury.  According to defendant, the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct.

---

[1] This case was recently transferred to the undersigned.  The case was originally assigned to Judge David D. Dowd, Jr.  Judge Dowd imposed defendant's sentence, although Judge John R. Adams conducted the trial.

2151 (2013) compels this outcome. The government argues that *Alleyne* did not alter the Supreme Court's decision in *Almendarez-Torrez*, 523 U.S. 224 (1998). In that case, the Supreme Court determined that past criminal conduct is not an element of an offense and, therefore, a jury need not determine the issue. The government also argues that *Alleyne* is not retroactive and, therefore, is unavailable on collateral review.

Upon review, the Court finds that defendant's argument is not well-taken. The Sixth Circuit has squarely rejected the claim defendant now makes:

> [Defendant] claims that *Alleyne*'s holding that 'any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury' indicates that the *Almendarez–Torres* exception no longer has continued viability. This court has already addressed this question and determined that the Supreme Court's decision in *Almendarez–Torres* is still good law, even post-*Alleyne*. *United States v. Mack*, 729 F.3d 594, 609 (6th Cir.2013); *United States v. Wynn*, 531 Fed.Appx. 596 (6th Cir. 2013) (per curiam). Consistent with this precedent, we reject [defendant's] argument that his prior conviction should have been submitted to the jury or included in the indictment....

*United States v. Carrillo-Alvardo*, 558 Fed.Appx. 536 (6th Cir. March 06, 2014).

For this reason, defendant's argument is rejected.

2. *Brady* material

Defendant next argues that the government failed to disclose exculpatory information. According to defendant, it was revealed at trial that an incident occurring in Los Angeles occurred in a manner inconsistent with the affidavit provided by the case agent in support of a wiretap application. Defendant claims that, had this information been disclosed, he could have effectively challenged the wiretap application. Defendant also claims that he was not provided with debriefings from all cooperating defendants. According to defendant, the government failed to disclose the identities of its confidential sources. In response, the government argues that no exculpatory information was withheld. The government claims that it provided all

3

reports relating to interviews with cooperating co-defendants.  Regardless, the government claims that defendant fails to identify how the information is exculpatory.  Nor does defendant establish that the result of the proceeding would have been different.  The government claims that it is not obligated to provide the identities of confidential sources.

Upon review, the Court rejects defendant's argument.  In order to demonstrate a *Brady* violation, the evidence withheld must be material to guilt.  *See United States v. Phillip*, 948 F.2d 241, 249 (6th Cir. 1991)(*quoting Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987)). "Evidence is material 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"  *Id*.  "A reasonable probability of a different result is...shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'"  *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)(*quoting United States v. Bagley*, 473 U.S. 667, 678 (1985)).

Here, the Court finds that defendant fails to establish that any of the evidence allegedly suppressed is exculpatory.  Defendant extensively discusses an incident occurring in California involving three individuals.  Yet, the incident did not involve defendant.  It appears that defendant may be claiming that the incident as testified to at trial differed in some fashion from the version set forth in the affidavit in support of a wiretap.  Yet, defendant falls far short of establishing that the result of the proceeding would have been different.  Defendant has not demonstrated that knowledge of this version of events would have led to the suppression of the wiretaps.[2]  The same holds true with regard to the reports related to interviews with cooperating

---

[2] Even assuming defendant could somehow demonstrate as such, the evidence against defendant was overwhelming and came in many forms, including extensive testimony by co-defendants.

and testifying co-defendants. As an initial matter, the government claims that all such reports were turned over to defense counsel. Moreover, defendant points to nothing to suggest that any report contained any exculpatory or impeaching information that would undermine confidence in the outcome of the trial. With regard to the disclosure of confidential informants, the government correctly notes that the defendant bears the burden of establishing that the disclosure of the identities is essential to a fair trial. *See, United States v. Moore*, 954 F.2d 379 (6th Cir. 1992). Defendant makes no such showing here. Nor does defendant articulate how the failure to disclose the identities of the confidential informants resulted in a *Brady* violation.

For these reasons, defendant's *Brady* claim fails.

3. Prosecutorial misconduct

Defendant next argues that the government engaged in prosecutorial misconduct by presenting false testimony at trial. The government disputes this assertion.

> The Supreme Court has long recognized that due process is denied where [the] state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured. Deliberate deception is incompatible with rudimentary demands of justice. Relying on two predominant Supreme Court cases on prosecutorial misconduct [ ] we have fashioned a three-part test for determining whether there was a denial of due process through the use of false testimony:
>
> In order to establish prosecutorial misconduct or denial of due process, the defendants must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false. The burden is on the defendants to show that the testimony was actually perjured, and mere inconsistencies in testimony by government witnesses do not establish knowing use of false testimony. Testimony is material only if there is a reasonable likelihood that it affected the judgment of the jury.

*Peoples v. Lafler*, 734 F.3d 503 (6th Cir. 2013)(citations and quotations omitted).

Defendant identifies the testimony of Special Agent Kenneth Riolo, Agent Scott Payne,

5

Richard White, Jarese Pannell, Cynthia Johnson, Derrick Wade, and Marlene Brown. According to defendant, these witnesses all committed perjury. Defendant purports to point to inconsistencies in the testimony. Alternatively, defendant points to documents that he believes contradict certain testimony. By way of example, defendant points out that Special Agent Riolo testified that he was "pretty sure" that the confidential sources in the affidavit filed in support of a wiretap related solely to Derrick Wade. Defendant points out that witness Marlene Brown testified that she provided information regarding defendant and not Derrick Wade. Similarly, defendant argues that agent Payne testified that he did not know who owned certain credit cards. Defendant offers an exhibit that he claims provides the names of the credit card owners. Defendant also argues that certain cooperating witnesses committed perjury. According to defendant, Cynthia Johnson testified inconsistently with information provided during a proffer session. Defendant makes similar arguments with regard to the other cooperating witnesses.

Upon review, the Court rejects defendants' arguments. As an initial matter, the Court finds that defendant fails to establish that any specific statement was false. At best, defendant points to inconsistencies in testimony and some minor discrepancies between documentary evidence and testimony. More troubling, however, defendant wholly fails to establish that any of the testimony, even if false, was material to the outcome of this case. As noted by the Sixth Circuit on direct appeal, there was overwhelming evidence at trial of the existence of a conspiracy and defendant's participation therein. Defendant does not articulate how any particular piece of evidence materially affected the jury's judgment. Defendant also fails to establish that the government knew of the falsity of any particular statement. Accordingly, defendant's claim of prosecutorial misconduct fails.

   4. Ineffective assistance of counsel

A defendant challenging the effectiveness of trial counsel must first show that counsel was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and further that counsel's deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to succeed in establishing ineffective assistance of counsel, petitioner must demonstrate that "(1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced him." *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).

Defendant makes a number of claims of ineffective assistance of counsel. Each will be addressed in turn.

   A. Failure to conduct adequate investigation

Defendant argues that counsel was ineffective because he failed to: conduct an adequate investigation, interview witnesses, and hire a chemist to test the purity of the PCP at issue. In response, the government argues that defendant fails to establish that he suffered prejudice as a result of any of these allegations. Upon review, the Court rejects defendant's argument. Assuming *arguendo* that the failure to conduct a more thorough investigation constituted deficient performance, defendant fails to demonstrate that the he suffered any specific prejudice as a result.[3] The only arguable reference defendant makes to prejudice is that the failure to hire a

---

[3] Defendant argues in his reply brief that an investigation would have uncovered that Bivens cooperated with authorities in Los Angeles. Again, however, defendant fails to identify any prejudice he suffered as a result of any such failure.

7

chemist could have resulted in the ability to challenge the quantity of pure PCP. This argument misses the mark. As an initial matter, defendant acknowledges that he stipulated to the purity of the PCP. Moreover, defendant fails to show that the PCP was *not* pure. Thus, any prejudice remains hypothetical since a chemist may in fact have determined that the PCP was pure. In addition, the sentencing guidelines provide for sentences based on mixtures of PCP rather than the purity. As such, defendant fails to demonstrate that he suffered prejudice based on the failure to hire a chemist. In all, defendant's arguments are insufficient to establish a claim of ineffective assistance of counsel based on a failure to conduct an adequate investigation.

### B. Alibi

Defendant argues that his attorney failed to present an alibi defense. According to defendant, he was incarcerated during the "exact time frames" of the conspiracy. As the government argues, however, defendant cross-examined witnesses on this very issue. Moreover, as noted by the Sixth Circuit on direct appeal, there was substantial evidence indicating that the conspiracy continued while defendant was incarcerated and that his wife ran operations during that time. Accordingly, defendant fails to establish that counsel's performance was deficient or that he suffered any prejudice regarding his alibi defense.

### C. Failure to object to "Section 851 Notice"

Defendant argues that his counsel was ineffective for failing to make a timely objection to the government's notice filed pursuant to 21 U.S.C. § 851, indicating that it intended to rely on two prior felony convictions to enhance defendant's penalties. The argument is rejected. As the government notes, defendant filed an objection to the presentence investigation report that is directed at defendant's prior convictions. In the objection, defendant argues that the convictions

8

should not be relied on for purposes of increasing the penalties. Defense counsel also argued this issue at defendant's sentencing hearing and the Court issued a written opinion discussing defendant's prior convictions. Because counsel did object to the Section 851 Notice, the argument is rejected.

### D. Stipulation as to drug quantity

Defendant argues that his attorney was ineffective for allowing him to stipulate to the amount of PCP at issue in the case. According to defendant, his attorney should have hired a chemist to establish the purity of the PCP. In response, the government argues that the quantity of PCP was established by the evidence at trial. In addition, the government argues that even assuming defense counsel should have hired an expert, the failure to do so caused no prejudice because as a result of the large quantity of cocaine involved in the conspiracy, the quantity of PCP had no additional effect on defendant's sentence.

Upon review, the Court rejects defendant's argument. To the extent defendant is arguing that only the quantity of pure PCP involved is relevant, the argument is incorrect in light of Section 2D1.1 of the sentencing guidelines, which provides base offense levels for mixtures as well as the pure form of PCP. Regardless, however, defendant fails to articulate any prejudice whatsoever that he suffered as a result of his stipulation as to the quantity of PCP.

### E. Motion to suppress

Defendant argues that counsel was ineffective for failing to point out intentionally false statements contained in the affidavit in support of the search warrant. According to defendant, a number of misstatements were made that, if established, would demonstrate that probable cause did not exist as to defendant. According to the government, defense counsel did in fact

challenge probable cause by filing a motion to suppress. The Court denied the motion, finding that probable cause existed.

Upon review, the Court rejects defendant's argument. As an initial matter, the Court notes that defense counsel did in fact file a motion to suppress and the Court addressed whether probable cause existed to support the wiretap. It appears that defendant's current challenge is directed only at counsel's failure to establish that the affidavit filed in support of the wiretap application contained a number of intentionally false misstatements. This argument is rejected. Many of defendant's challenges relate to information omitted from the affidavit. For example, defendant argues that the affidavit does not specify that the "time of flight and the phone contact were in sequence to one another." (ECF 740 at 30). See also, ECF 740 at 31 (claiming that Agent Riolo deliberately omitted the names from the credit cards); ECF 740 at 32 (noting that affidavit made no mention of time and duration of calls). In order to establish entitlement to a *Franks* hearing based on an omission, defendant bears a higher burden. *See, Untied States v. Neal*, 2014 WL 4057832 (6th Cir. August 18, 2014). Defendant fails to meet this burden. The failure to include any of the information identified by defendant does not undermine the finding of probable cause in this case.

Similarly, the Court finds that defendant fails to establish that he would have been entitled to a *Franks* hearing with regard to other statements identified in his brief. As an initial matter, the Court finds that defendant does not establish that the statements were false at the time they were made. For example, defendant claims that certain trial testimony provided by Brown contradicts the agent's statement that "White, [defendant], and Pittman run the DTO in Los Angles." Nothing in the testimony undermines this conclusion. Moreover, the testimony at best

10

establishes a contrary position and does not establish that the statement was false at the time it was made.  On the whole, defendant fails to point to any particular material statement that was knowingly or recklessly false at the time it was made.  Even if defendant could somehow now establish that certain statements were untrue, defendant fails to point to any material misstatement that would undermine the Court's probable cause finding as to defendant.  Accordingly, counsel was not ineffective for failing to move to suppress in a more detailed fashion when requesting a *Franks* hearing.

Defendant next argues that counsel was ineffective for not fully arguing the issue of "necessity" in connection with the wiretap.  For the reasons stated in the brief in opposition, this argument is rejected.  Defense counsel fully raised this issue with the Court and on direct appeal.  The Sixth Circuit rejected the argument.  Defendant offers no basis on which to reconsider this issue on collateral review.

### F.  Failure to object to Riolo testimony

Defendant argues that counsel was ineffective for failing to object to agent Riolo's testimony regarding the Title III application procedures, including that the application was reviewed and approved by a number of individuals.  According to defendant, this evidence unfairly "bolstered" the credibility of the agent.  The argument is rejected.  The Court is not convinced that this evidence is inadmissible, given that the agent simply testified as to the background of the investigation, including the procedure for obtaining the wiretap.  Even if the testimony could have been excluded, defendant suffered no prejudice as a result.  As the government notes, there was an overwhelming amount of evidence presented at trial against defendant.

11

G. Concession of guilt

Defendant argues that during the cross-examination of two of the government witnesses, his counsel "conceded" his guilt. Upon review, the Court finds that this argument is without merit. As the government points out, this Court must "avoid the use of hindsight and presumes that "the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 687. Here, counsel cross-examined witnesses by attempting to demonstrate that the witnesses had long histories in the drug trade. Further, counsel elicited testimony indicating that defendant Wade plead guilty to participating in the sale of PCP, yet he never actually participated in that part of the operation. The Court finds these actions may constitute sound trial strategy and, therefore, defendant cannot maintain a claim for ineffective assistance of counsel based on this testimony.

H. Prejudicial testimony

Defendant argues that counsel was ineffective for failing to "object, move, and argue" for the exclusion of certain testimony. According to defendant, the government abused its charging authority by charging two separate conspiracies in a single count. Defendant claims that counsel should have lodged a proper objection or moved to dismiss the indictment. The argument is rejected. Defense counsel argued before the trial court that the evidence demonstrated two conspiracies and, therefore, requested a multiple conspiracy jury instruction. After a hearing on this issue, the court determined that there was no evidence of multiple conspiracies. (Tr. 1248-62, 1264-65). Thus, contrary to defendant's argument, counsel raised this very issue. Accordingly, the argument is rejected.

Defendant further argues that counsel allowed agent Riolo to interpret certain street

12

jargon with which he was unfamiliar. Defendant wholly fails, however, to establish any prejudice. Defendant also claims that the prosecutor submitted a number of exhibits that were highly inflammatory. Defendant, however, fails to articulate why these exhibits were inadmissible. Rather, defendant simply points to exhibits that he believes hurt his case. Defendant further errs in arguing that counsel was ineffective by failing to object to telephone calls involving non-testifying witnesses. According to the government, these calls involved co-conspirators and, therefore, do not constitute hearsay. In all, defendant fails to establish a claim for ineffective assistance based on prejudicial testimony.

I. Failure to object to prosecutorial misconduct

Defendant next argues that the prosecutor engaged in misconduct during opening statements. In addition, defendant claims that the government engaged in improper "vouching" by eliciting testimony from cooperating co-defendants that they were obligated to testify truthfully. Defendant claims that counsel should have objected to both of these issues and that his failure to do so constitutes ineffective assistance. These arguments are rejected. Other than citing a portion of the opening statement, defendant makes no argument as to what basis defendant would have for objecting to the comments. With regard to the issue of vouching, defendant's wife raised this issue on direct appeal and the Sixth Circuit determined that no improper vouching occurred. Therefore, it was not ineffective for defense counsel to opt not to lodge an objection.[4]

---

[4] In Section 11 of defendant's brief, he again raises the issue of prosecutorial misconduct. That section, however, contains only a general reference to a previous section of the brief. As nothing new is raised in Section 11, any argument contained therein is rejected.

13

J.  Failure to cross-examine

Defendant argues that counsel relied on the cross-examinations conducted by counsel for the co-defendants. In addition, defendant claims that he instructed his attorney to prepare a diagram of the witnesses' itineraries. According to defendant, the diagram would have allowed for proper impeachment. This argument is rejected. Defendant points to nothing specific about the alleged failure that would rise to the level of ineffective assistance. As the government notes, counsel conducted thorough cross-examinations and counsel's decision not to use a diagram as suggested by defendant does not rise to the level of constitutional violation.

K.  Rule 29 motion

Defendant argues that counsel failed to file a Rule 29 motion for acquittal. As the government points out, however, counsel did make an oral motion under Rule 29, albeit without argument. According to defendant, counsel should have argued that: (1) defendant was in prison during the conspiracy; (2) the government did not test the purity of the PCP; (3) the government failed to introduce a seizure of marijuana; (4) some of the intercepted telephone calls "fell outside" this Court's jurisdiction or should have been charged differently. None of these arguments has merit. As the government points out, defendant was not incarcerated during the entire time frame at issue. Moreover, the evidence showed that his wife continued the conspiracy while he was in prison. In addition, defendant fails to show that he suffered prejudice as a result of his stipulation to the quantity of PCP or the government's failure to introduce a buyer, seller, or seizure of marijuana. With regard to the fourth argument, defendant claims as follows:

> During trial, the government played an array of intercepted calls that fell outside of this Court's jurisdiction. These intercepted calls were not pertaining to trafficking any

14

>narcotics in the Northern District of Ohio nor were they facilitating a felony as required by Section 843(b). In counts 8, 22, 23, & 28, the Court lacks jurisdiction to charge these counts as they fall outside the charging element creating a variance to the indictment. In counts 11, 14, 17, 18, 26, 36, & 37, these calls didn't facilitate an illegal act as required by Section 843(b). In counts 13, 14, & 12, all consisted on one act/ incident; whereas counts 36, 37, & 39 all consisted of the same act....

Defendant's general and unsupported argument that certain calls did not pertain to trafficking in this jurisdiction and that they were not "facilitating a felony" fall far short of establishing that counsel acted outside the range of competence expected in the criminal context and that he was somehow prejudiced. For these reasons, defendant fails to demonstrate a constitutional violation as a result of counsel's alleged failure to argue a Rule 29 motion.

### L. Jury instructions

Defendant argues that he is not sure what jury instructions were given, but that his counsel was nonetheless ineffective. According to defendant, certain instructions should have been given, including "all elements of the offense charged," multiple conspiracy charge, mere presence charge, witness/accomplice charge, right to testify, duplicity/multiplicity, and "compartmentalization of evidence to address over-spill." As the government points out, the jury was in fact instructed as to witness and accomplice credibility, mere presence, and defendant's right to remain silent. And, as set forth above, defense counsel sought a multiple conspiracy instruction and, after a hearing, the Court rejected defendant's request. Defendant makes no specific arguments with regard to any particular instruction and fails to articulate how he suffered any prejudice as a result of the jury instructions. As such, defendant's argument is not well-taken.

### M. Cumulative errors

Because defendant has not sufficiently demonstrated any error committed by counsel, his

15

"cumulative error" argument is rejected.

     5. Ineffective assistance of appellate counsel

Defendant makes generalized arguments as to why be believes appellate counsel acted ineffectively.  He claims that counsel did not take a favorable strategy, performed negligently during oral arguments, and would not file a petition for writ of certiorari with the Supreme Court.  With regard to defendant's argument concerning the failure to file a writ of certiorari, the argument lacks legal merit.  *See, Washpun v. United States*, 109 Fed.Appx. 733, 735 (6th Cir. 2004)(no claim for ineffective assistance of appellate counsel because no constitutional right to discretionary review exists).  The remainder of defendant's claims are too general to warrant relief.  Defendant points to no specific instance of ineffectiveness, nor does he establish prejudice.

### **CERTIFICATE OF APPEALABILITY**

Based on the foregoing, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                         /s/ Patricia A. Gaughan
                                         PATRICIA A. GAUGHAN
                                         United States District Judge

Dated: 11/13/14